**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3261
_____

UNITED STATES OF AMERICA

v.

JULIO AVILES, SR.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:15-cr-00181-1)
District Judge: Honorable John E. Jones, III

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2021

Before: AMBRO, JORDAN, and BIBAS, *Circuit Judges*

(Filed: July 29, 2021)

_____

**OPINION**[*]

_____

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Drug dealers work covertly. So it is hard to measure the drugs that flow through their hands. District courts must estimate, and we defer to their tally. Because the estimate here was reasonable and based on the evidence, we will affirm the defendant's sentence.

Julio Aviles oversaw an enormous drug ring. He not only distributed half a million-plus doses of heroin, but also dealt meth, crack, and powder cocaine. And to protect his stash, he amassed a nineteen-gun arsenal.

Aviles admitted that he sold drugs and was convicted at trial but successfully appealed his life sentence. *United States v. Aviles*, 938 F.3d 503, 505 (3d Cir. 2019). The District Court resentenced him to thirty-five years in prison. It found him responsible for selling twelve kilos of heroin, nearly half a kilo of crack, and half a kilo of powder cocaine.

Aviles appeals again, now challenging the drug-quantity finding. We review that factual finding for clear error. *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007) (en banc). The record supports the court's "approximation." *United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993); U.S.S.G. §2D1.1 cmt. 5. At the height of his operation, Aviles dealt a kilo or more of heroin per month. He admitted that he used a converted garage to process drugs "three to four times a week." App. 268. And when police searched the garage, they found more than five thousand baggies of heroin, plus almost half a kilo of bulk heroin, crack, and powder cocaine, as well as grinders, drug scales, and lots of unused packaging. The size of his business confirms that he sold at least twelve kilos of heroin.

Next, Aviles objects that the District Court did not rule on his objections to the proposed drug quantity. But in its eight-page opinion, it *did* consider and reject them.

2

Finally, he faults the court for going above the quantity found by the jury. But the jury found that Aviles had dealt a kilo "or more" of heroin and 280 grams "or more" of cocaine. App. 112–13. So the District Court could use "a degree of estimation" in finding that he had sold much more. *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999). Once the jury's finding sets the statutory maximum sentence, judges may find more facts to set the punishment within that range. *Grier*, 475 F.3d at 565.

Because the evidence amply supported the District Court's reasoning and findings on drug quantity, we will affirm.